## Case No. 3,420.

### CROSBY v. CALDWELL.

[Nowhere reported; opinion not now accessible.]

## Case No. 3,421.

### CROSBY v. FOLGER et al.

[1 Sumn. 514.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1833.

#### COSTS—JOINT PARTIES.

In a case of tort, several costs of travel, attendance and attorney's fees will be allowed to several defendants, whether the pleadings are joint or several.

[Cited in The Baltimore, 8 Wall. (75 U. S.) 391.]

At law. The action was trover against four persons. No pleas were filed until October term, 1833; no motion or call was made by the plaintiff for pleas; and no objection was made to the pleas, when filed by the plaintiff. The cause proceeded to the jury, and the plaintiff [John Crosby, Jr.] went through their side of the cause. The defendants [Philip P. Folger and others] stated their case, and put in some of their evidence, when the court intimated an opinion against the plaintiffs, and they became nonsuit. The defendants now moved for several costs of travel, and attendance, and attorney's fees. They claimed them under the authority of a case decided in Massachusetts (Mason v. Waite, 1 Pick. 452), which they thought settled this case. The plaintiff's counsel objected to the allowance of several costs at all; and at least, they said, they could not be allowed before the pleas were actually filed.

Hubbard and Webster, for plaintiff.
C. P. Curtis, for defendants.

THE COURT, upon the authority of Mason v. Waite, 1 Pick. 452, directed several costs to be allowed to the defendants. They thought it made no difference in a case of tort, whether the pleadings were joint or several, as to costs. See Brown v. Stearns, 13 Mass. 536.